# T. B. BERRY AND ANOTHER v. JOHN ROTH AND ANOTHER. JOHN ROTH, APPELLANT.[1]

July 8, 1921.

No. 2,2,307.

**Broker — rescission of contract made in agent's name — recovery for fraud.**

>   The plaintiffs, in the name of one of them as vendee, made a contract to purchase lands. The other party to the contract, as vendor, was the agent of the owner. The agent then made a contract to purchase of the owner. It was the understanding that the plaintiffs were the purchasers and the owner the seller. The two contracts were made as a part of the plan for effecting a sale and passing title. The agent by agreement with his principal was to have all of the sale price in excess of a fixed sum. The plaintiffs paid a part of the purchase price. The sale was induced by the fraud of the owner and his agent. It is *held* that the plaintiffs can maintain an action to rescind the contract made in the name of the agent as vendee and can recover of both defendants the amount which they paid to the agent in consummating the transaction and that they are not limited to a recovery from each of the amount received by him.

Action in the district court for Pine county to cancel a contract for the sale of land for fraud and to recover $1,000. The case was tried before Molyneaux, J., who made findings and ordered judgment in favor of plaintiffs, canceling the contract and for $2,000. From the judgment entered pursuant to the order for judgment, John Roth appealed. Affirmed.

*Einar Hoidale,* for appellant.
*George Nordlin,* for respondents.

DIBELL, J.

This action was brought against John Roth and A. L. Huston to cancel for fraud a contract made in the name of Huston, as vendor, with

[1]Reported in 184 N. W. 274.

P. A. Berry, and one of the plaintiffs, as vendee, for the sale of lands in Pine county, and to recover from both defendants the amount which the plaintiffs paid. There were findings and judgment for the plaintiffs and the defendant Roth appeals.

In 1918 John Roth was the owner of 240 acres of land in Pine county, and his son owned an 80, making up the half section, which had been deeded to him by his father some little while before. Roth was anxious to sell, and it was understood between him and his son that the son's 80 would be put in with the rest to make up the half section. The defendant Huston was a land agent. Roth listed the half section at $35 per acre net to him, Huston, as his agent, to receive as commission all of the sale price in excess. The plaintiffs were shown the land by both defendants. They understood that Roth was the owner. They claim that both of the defendants made false representations as to the character of the lands such as would justify a rescission, or an action for damages. The court so found. The defendant makes no question of the sufficiency of the evidence to sustain the finding.

On February 8, 1919, Huston made a contract in his own name to sell the land to P. A. Berry, one of the plaintiffs. The understanding was that the two plaintiffs were making the purchase. It was also understood that Roth was the owner and the real seller. On February 21, 1919, Huston, to carry out the deal, took a contract from Roth to himself. Huston was Roth's agent. It was not understood that he was the purchaser. Roth received a part of the first payment and his son a part and the rest of it went to Huston. They had a satisfactory understanding as to how payments were to be applied.

The defendant claims that, since the action is one of rescission, the plaintiffs can recover only from Huston who received the money, or in any event can recover no more from the defendant appealing than the amount which he received. This contention we do not sustain.

The contract between Huston and Berry and the subsequent contract between Roth and Huston were parts of the general plan of effecting and completing the sale and passing title to the plaintiffs. Under the finding of the court it was the fraud of Roth and Huston which induced the sale. The contract, unless it was annulled, compelled performance by the plaintiff. Unless they were content to keep the land and sue

for damages for the fraud, or keep the land and forego damages, it was necessary that they rescind. The rescission properly resulted in a decree for the repayment of the money which they had paid, and it is no unjust hardship upon Roth that he, as a party to the fraud and the real vendor, be required to refund the moneys obtained by him and his agent. No rule of law forbids such recovery. The granting of the contention of the defendant compels the plaintiffs to take a rescission of their contract with a money judgment for damages against Huston alone, or against Huston for a part and against Roth for a part; or, to keep the land, abide by the contract induced by fraud, and have damages appropriate to an action of deceit, or forego damages. That the final contract was made between Huston and P. A. Berry, and a second one between Huston and Roth, both for the purpose of carrying out the sale, instead of one contract directly with Roth, is unimportant. The defendants fraudulently induced the purchase, it was a purchase by the plaintiffs and not a purchase by Huston and a subsequent sale to the plaintiffs, and a judgment for a rescission with judgment against Roth as well as against Huston for the money with which the plaintiffs were fraudulently induced to part was proper.

The material findings of the trial court are sustained and the law was correctly applied.

Judgment affirmed.